**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**XAVIER M. ROSS, # 174474**                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:13cv195-KS-MTP**

**SHAKIA HILL, CLEARANCE GRIFFIN,**
**and DAIRY QUEEN**                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte*.  *Pro se* Plaintiff Xavier M. Ross is

incarcerated with the Mississippi Department of Corrections and brings this action for an alleged

false accusation of armed robbery.  The Court has considered and liberally construed the

pleadings.  As set forth below, this case is dismissed.

**BACKGROUND**

Ross signed the Complaint on September 3, 2013, and it was received by the Court on

September 11.  According to the pleadings, he was arrested on January 22, 2009, falsely charged

with armed robbery of a Dairy Queen in Hattiesburg, Mississippi.  He was arrested at his home,

which was also in Hattiesburg.  Defendants Shakia Hill and Clearance Griffin were the

employees on duty whom were robbed.  Both eventually identified Ross as the perpetrator.  Hill

saw him the next day and claimed she recognized him as the robber.  She then informed the

police.  Both she and Griffin, as well as a patron who was the other victim during the robbery,

separately picked Ross out of a photographic lineup.

After Ross's arrest, he alleges he spent seven months in the Forrest County Jail until he

was released on bail.  He claims that three days before the case went to trial in 2012, the case

was dismissed.  He accuses Hill and Griffin of false imprisonment, slander, and malicious

prosecution.  Ross pursues federal and state law claims, maintaining they falsely accused him of the crime when they knew he did not commit it.  Ross also pursues vicarious liability against Dairy Queen.  He seeks damages for pain and suffering, lost wages, and money spent on bail. He also asks to be enrolled in the G.E.D. program and other prison classes.

Although Ross alleges he is currently incarcerated for either a probation or parole revocation, he denies that the revocation stemmed from the armed robbery charge.

## DISCUSSION

<u>SECTION 1983</u>

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides, in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Ross to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

2

To prove Ross's 42 U.S.C. § 1983 claims, he will have to show, among other things, that Defendants acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party . . . must be a person who may fairly be said to be a state actor.'"  *Id.* at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state."  *Id.*

"Private individuals generally are not considered . . . state actors. . . .  Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors."  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).  State action may also be found where the state compels the private party to act, "when the state provides 'significant encouragement, either overt or covert,'" when the private entity is controlled by the State, when the private party performs a public function, or when the private party is so entwined with the State as to make the party a state actor.  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001).

Ross merely claims that Hill and Griffin falsely accused Ross of a crime at Dairy Queen and that it was Hill and Griffin's employer.  This is insufficient to allege Defendants are state actors.  Ross admits that Hill and Griffin were the ones who contacted the police and that a third party likewise identified Ross as the perpetrator.  He alleges no connection between these private party Defendants and the State.  He therefore has failed to state a claim against Defendants under

§ 1983.  The § 1983 claims are dismissed, and this dismissal counts as a strike pursuant to §

1915(g).

S<span>TATE</span> L<span>AW</span> C<span>LAIMS</span>

Ross also brings state law claims of defamation and malicious prosecution against Hill

and Griffin and of *respondeat superior* against Dairy Queen.  Ross alleges that he and the two

individual Defendants are Mississippi residents.  The state law claims, therefore, invoke the

Court's supplemental jurisdiction.  28 U.S.C. § 1367(a).  This jurisdiction may be declined if

"the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

1367(c)(3).  Since the Court has dismissed the § 1983 claims, it declines jurisdiction over the

state law claims.  They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  The § 1983 claims

are dismissed for failure to state a claim.  This dismissal counts as a strike pursuant to 28 U.S.C.

§ 1915(g).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of October, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

4